# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: PES HOLDINGS, LLC, et al. | : | Bankruptcy Case No. 19-11626 |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| _____ | : | |
| | : | |
| PRS HOLDINGS, LLC, et al., CORTLAND CAPITAL MARKET SERVICES, LLC | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 20-363-RGA |
| | : | |
| ICBC STANDARD BANK PLC., | : | |
| | : | |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **13th** day of **April, 2020**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, counsel advised in the joint letter regarding their clients' respective positions regarding mandatory mediation;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The dispute underlying this appeal concerns which of the Debtors' secured creditors, ICBCS or Cortland, hold the first priority security interest in certain insurance proceeds that may be paid to the Debtors due to a substantial fire that occurred at one of the Debtors' facilities on June 21, 2020. The Appellant appeals from the Order entered by the Bankruptcy Court on February 28, 2020 finding and holding the ICBCS has the first priority interest. In their statement of the issues and designation of items to be included in the record on appeal, Appellants raise a number of arguments, which Appellees dispute and believe to be inconsistent with the facts and the applicable law. The parties agree that the appeal raises issues of law not amenable to resolution by mediation and that mediation would not be fruitful.

The parties propose the following briefing schedule for this appeal:

Appellant's opening brief to be due the earlier of fourteen (14)days after the Debtors' Plan of Reorganization goes into effect on or about May 2020 **or** August 31, 2020;

Appellees' brief(s) due thirty (30) days after the filing of Appellants' brief;

Appellant's reply brief due fourteen (14) days thereafter.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Although the parties were not specifically advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F ED. R. C IV. P. 72(a) and D.

DEL. LR 72.1, since this Recommendation is consistent with the parties' request, no objections are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge